UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: ACTIQ SALES AND MARKETING )
PRACTICES LITIGATION, )
) 1:11-mc-110-SEB-TAB
)
)

**ORDER ON MOTION TO QUASH**

Indiana Carpenters Welfare Fund filed a lawsuit against Cephalon Inc. in the Eastern District of Pennsylvania nearly four years ago and that case appears to have dragged on with a myriad of discovery disputes. The case finds its way to this Court by way of Plaintiff's motion to quash eleven subpoenas issued in the Southern District of Indiana. [Docket No. 1.] Defendant's response outlines the complex and drawn out discovery process in this litigation [Docket No. 16 at 3–11], and requests that this Court stay Plaintiff's motion pending the resolution of a similar motion already filed in the Eastern District that apparently touches on the same issues and seeks the same relief raised in Plaintiff's motion. [*Id.* at 2.] Alternatively, Defendant asks the Court to deny Plaintiff's motion. [*Id.*] Plaintiff does not object to Defendant's request for a stay, but asks the Court to prohibit Defendant from enforcing the subpoenas prior to the Eastern District resolving the dispute. [Docket No. 24 at 2.]

Due to the Eastern District's familiarity with discovery in this case, the Court agrees that it is more practical to allow the Eastern District to address the issues raised in Plaintiff's motion. While the Seventh Circuit typically disfavors transferring Rule 45 motions to quash, the Seventh Circuit has also explained that when a court is unfamiliar with a case, the court may stay its proceedings, wait for the motion in the other district to be decided, and then make its ruling

accordingly. *Kruse, Inc. v. United States*, No. 99-cv-428, 2000 WL 35516935, at *1 (N.D. Ind. Sept. 29, 2000) (citing *In Re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996)).

      In this case, however, the Court sees no benefit in imposing a stay and allowing this motion to languish for an indefinite period while the parties address the discovery dispute in the Eastern District. It seems more practical to simply deny Plaintiff's motion [Docket No. 1] without prejudice, to be refiled if necessary following a decision by the Eastern District. Defendant may not enforce the subpoenas until the Eastern District resolves the issues raised in Plaintiff's motion.

Dated: 12/08/2011

                                                   Tim A. Baker
                                                   United States Magistrate Judge
                                                   Southern District of Indiana

Copies to:

Victoria L. Cain
BINGHAM MCHALE LLP
vcain@binghammchale.com

Lee F. Grossman
GROSSMAN LAW OFFICES
lgrossman@grossmanlegal.com

Mark M. Grossman
GROSSMAN LAW OFFICES
mgrossman@grossmanlegal.com

Kristin L. Murphy
RADER FISHMAN & GRAUER PLLC
klm@raderfishman.com

Lisa J. Pirozzolo
WILMER CUTLER PICKERING HALE AND DORR LLP
lisa.pirozzolo@wilmerhale.com

R. Terrance Rader
RADER FISHMAN & GRAUER PLLC
rtr@raderfishman.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Steve C. Silvey
ATHENA ATTORNEYS AT LAW LLC
stevesilvey@athena1.com

Wayne C Turner
BINGHAM MCHALE LLP
wturner@binghammchale.com

Jonathan W. Woodard
WILMER CUTLER PICKERING HALE & DORR
jonathan.woodard@wilmerhale.com